Form 2500A (Rev. 12/15)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:

Brina Renette Oscar                                                                                    CASE NO. 25−03252−JAW

    DEBTOR.                                                                                                       CHAPTER 13

**Brina Renette Oscar**                                                                                                      **PLAINTIFF**

    v.                                                                                                  ADV. PROC. NO. 26−00001−JAW

**United States Department of Education**                                                                         **DEFENDANT**

**SUMMONS IN AN ADVERSARY PROCEEDING**

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

    Address of the clerk:    Danny L. Miller, Clerk of Court
    Thad Cochran U.S. Courthouse
    501 E. Court Street
    Suite 2.300
    Jackson, MS 39201

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

    Name and Address of Plaintiff's Attorney:    Thomas Carl Rollins, Jr., Esq.
    The Rollins Law Firm, PLLC
    PO BOX 13767
    Jackson, MS 39236

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Date: January 16, 2026

Danny L. Miller, Clerk of Court

By: /s/Keisha Moore, Deputy Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE Mississippi - Southern - Jackson

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Brina Renette Oscar, | ) | Case No. 25-03252-JAW |
| | ) | Chapter 13 |
| Plaintiff(s). | ) | |
| | ) | |
| | ) | |
| Brina Renette Oscar, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No._____ |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF EDUCATION | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS

Plaintiff, Brina Renette Oscar, by and through his/her attorney, Thomas Rollins, brings the following complaint and alleges as follows:

### I. NATURE OF CASE

1. This is an action to declare the Plaintiff's student loan debt to Defendant(s), the United States Department of Education ("US DOE"), dischargeable as an undue hardship under 11 U.S.C. § 523(a)(8).

### II. JURISDICTION AND VENUE

2. On 12/19/2025, Plaintiff filed a voluntary 13 bankruptcy proceeding, Case Number 25-03252-JAW.

3. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. This is an action to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(8), and as such, this is a core proceeding under 28 U.S.C. §157(b)(2)(I). The Plaintiff consents to the Bankruptcy Court's entry of a final order.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a).

5. This is an adversary proceeding as defined by Fed. R. Bankr. P. 7001(6).

### III. PARTIES

6. Plaintiff is a resident at 405 Beechwood Ln, Madison, Mississippi.

7. Defendant is a qualifying governmental institution in the business of making, insuring, and guaranteeing student loans. Defendant's mailing address is United States Department of Education, 400 Maryland Ave., SW, Washington, DC 20202.

## IV. STATEMENT OF FACTS

8. Prior to filing bankruptcy, in the course of Plaintiff's education, Plaintiff borrowed approximately $119,433.00 from Defendant(s) in order to finance Plaintiff's education. The current outstanding balance of the student loan(s) is $233,914.60. A list of the loans with current balances is attached as Exhibit #1.

9. Plaintiff incurred the student loan(s) while attending Jackson State University and Jackson State University and Jackson State University where Plaintiff was pursuing a Bachelor's degree. No payments were due on these loans while Plaintiff was a full-time student.

10. Plaintiff completed his/her course of study and received a degree in 5/1996.

11. Under the terms of the loans, Plaintiff was required to begin payments six months after enrollment in the school ended.

12. Under the U.S. Department of Education's Standard Repayment Plan, Plaintiff would be required to maintain monthly payments of $2,582.87 for ten years in order to pay off the balance of the student loans.

13. Since repayment on the student loans began, the debtor has:
    a. Made approximately 60 payments on the loans, totaling approximately $0.00
    b. Received 110 cumulative forbearances & deferments totaling 1247.7 months
    c. Applied for Income-Driven Repayment Plan
    d. Applied for a federal consolidation loan

14. Plaintiff is currently employed as a Speech Therapist with Reliant Rehabilitation. Plaintiff gross monthly income from employment is $7,045.77. Plaintiff has other monthly income totaling $0.00.

15. Plaintiff's current monthly household income is $7,045.77. Plaintiff's current monthly household expenses, including payroll deductions, are $6,446.76.

## V. DETERMINATION OF DISCHARGEABILITY

16. Under Section 523(a)(8) of the Bankruptcy Code, certain student loans may not be discharged in bankruptcy unless the bankruptcy court determines that payment of the loan "would impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8).

17. The most common framework for assessing undue hardship is the so-called Brunner test. Brunner v. New York State Higher Education Services Corp., 831 F.2d 395 (2d Cir. 1987). To discharge a student loan under the Brunner test, a bankruptcy court must find that the debtor has established that (1) the debtor cannot presently maintain a minimal standard of living if

required to repay the student loan, (2) circumstances exist that indicate the debtor's financial situation is likely to persist into the future for a significant portion of the loan repayment period, and (3) the debtor has made good faith efforts in the past to repay the student loan. Id. at 396.

18. Plaintiff is unable to make payments on his/her student loans. After deducting Plaintiff's reasonable and necessary expenses from his/her income, Plaintiff's discretionary income is insufficient to make student loan payments as required under the loan agreement.

19. Plaintiff's current state of affairs is likely to persist, and his/her financial circumstances are unlikely to materially improve, for a significant portion of the debt repayment period.

20. Plaintiff has made good faith efforts to repay the student loans at issue in this proceeding.

21. Based upon the foregoing facts and circumstances, Plaintiff cannot maintain a minimal standard of living if forced to repay the student loans.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order finding that excepting his/her student loans from discharge would impose an undue hardship as provided in 11 USC §523(a)(8), declaring the student loans to be included in Plaintiff's discharge under §727(a)/1328(a), and for any other relief as the Court deems just and proper.

Respectfully Submitted,

By: /s/ Thomas C. Rollins, Jr.
Thomas Rollins
The Rollins Law Firm, PLLC
4316 Old Canton Rd, Ste 101C
Jackson, MS 39211
(601) 500-5533
trollins@therollinsfirm.com

**Exhibit #1**

**List of loans with current balances**

| Loan Type (Loan Holder/Servicer) | Principal Balance | Accrued Interest | Status |
|---|---|---|---|
| DIRECT CONSOLIDATED UNSUBSIDIZED(DEPT OF ED/MOHELA) | $138,211.00 | $4,099.64 | FORBEARANCE |
| DIRECT CONSOLIDATED SUBSIDIZED(DEPT OF ED/MOHELA) | $88,965.10 | $2,638.85 | FORBEARANCE |

Form 2500A

26−00001−JAW

# CERTIFICATE OF SERVICE

I, __Kerri Rodabough__ (name), certify that service of this summons and a copy of the complaint was made __January 20, 2026__ date) by:

(√)    Mail service: Regular, first class United States mail, postage fully pre−paid, addressed to:
         US Department of Education, c/o US Attorney, 501 E Court St, Ste 4.430, Jackson, MS 39201
         Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Ave., NW, Washington, DC 20530-001
         U.S. Department of Education, Attn: Deputy General Counsel, Lyndon Baines Johnson, 400 Maryland Ave., SW, Washington, DC 20202

( )    Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

( )    Residence Service: By leaving the process with the following adult at:

( )    Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

( )    Publication: The defendant was served as follows: [Describe briefly]

( )    State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]

   If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

   Under penalty of perjury, I declare that the foregoing is true and correct.

Date __January 20, 2026__         Signature __/s/ Kerri Rodabough__

            Print Name:              __Kerri Rodabough__

            Business Address:        __P.O. Box 13767__
                                     __Jackson, MS 39236__

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

Brina Renette Oscar

CASE NO: 25-03252

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 13

On 1/20/2026, I did cause a copy of the following documents, described below,

Summons

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 1/20/2026

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

The Rollins Law Firm
702 West Pine St
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

Brina Renette Oscar

CASE NO: 25-03252

**CERTIFICATE OF SERVICE DECLARATION OF MAILING**

Chapter: 13

On 1/20/2026, a copy of the following documents, described below,

Summons

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 1/20/2026

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

```
FIRST CLASS                        FIRST CLASS                                FIRST CLASS

US DEPARTMENT OF EDUCATION         ATTORNEY GENERAL OF THE UNITED STATES      U.S. DEPARTMENT OF EDUCATION
C/O US ATTORNEY                    U.S. DEPARTMENT OF JUSTICE                 ATTN: DEPUTY GENERAL COUNSEL, LYNDON BAINES
501 E COURT ST, STE 4.430          950 PENNSYLVANIA AVE. NW                   JOHNSON
JACKSON MS 39201                   WASHINGTON DC 20530-001                    400 MARYLAND AVE. SW
                                                                              WASHINGTON  DC 20202
```